**Zhen Yang HUANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–1519–AG.

United States Court of Appeals, Second Circuit.

April 10, 2006.

Gang Zhou, New York, New York, for Petitioner.

James K. Vines, United States Attorney for the Middle District of Tennessee, Blanche B. Cook, William L. Deneke, Assistant United States Attorneys, Nashville, Tennessee, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Zhen Yang Huang, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including credibility determinations, for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). When the IJ bases an adverse credibility finding on specific reasons that bear a legitimate nexus to the petitioner's claim of persecution, we generally defer to the IJ's findings. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

 Here, substantial evidence supports the IJ's adverse credibility finding. Huang's testimony was inconsistent with his own written statements, as well as those of his father, uncle, and uncle's friend, regarding numerous details, including: (1) who built his uncle's church; (2) where they built the church; (3) whether Huang went home after arguing with the officials at the church, or went directly into hiding; and (4) when, and how many times, the officials came looking for him. The IJ gave Huang numerous opportunities to explain or reconcile these discrepancies, and Huang failed to provide a convincing explanation. *See id.* at 81. Most of the inconsistencies were relatively minor in themselves, but because Huang's

story was relatively simple, yet involved recent incidents that allegedly inspired him to flee China, the IJ properly drew an adverse inference from his inability to testify consistently. *See Zhou Yun Zhang,* 386 F.3d at 74–75. The testimonial inconsistencies alone constitute substantial evidence supporting the adverse credibility finding, and therefore the denial of asylum and withholding is upheld. Finally, Huang failed to raise the CAT claim in his brief to this Court, and therefore that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DENY the pending motion for a stay of removal